UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:25-cv-003 |
| | ) | |
| v. | ) | |
| | ) | |
| SAVANNAH LAND HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff United States of America, through its undersigned attorneys, files this Complaint and alleges as follows:

## **NATURE OF THE ACTION**

1.    This is a civil action under section 404(s) of the Clean Water Act ("CWA"), 33 U.S.C. § 1344(s), to obtain injunctive relief and civil penalties for violations of "condition[s] or limitation[s]" contained in a CWA section 404 permit.  Defendant Savannah Land Holdings, LLC ("Savannah Land") violated its CWA section 404 permit at a 2,230-acre property outside of Richmond Hill, Bryan County, Georgia, which has been undergoing residential development since 2007 (the "Property").

2.    The permit, granted for addition of fill material to waters of the United States at the Property, incorporates a Programmatic Agreement ("PA") to protect cultural resources located at the Property.  These resources primarily consist of Native American artifacts, including human remains and funerary items.  Savannah Land has violated the PA's

1

requirements for preservation and safeguarding of cultural resources, resulting in the destruction

of thousands of artifacts and the misplacement of artifacts and human remains at the Property.

3.      In this action, the United States seeks, among other things, to (1) enjoin Savannah

Land's construction at the Property in violation of the PA; (2) properly protect cultural resources

still located on the Property; (3) instate a security plan to prevent destruction and looting of

existing cultural resources; and (4) require Savannah Land to pay an appropriate civil penalty to

the United States as provided in CWA section 404(s)(3), 33 U.S.C. § 1344(s)(3).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to CWA

section 404(s), 33 U.S.C. § 1344(s), and 28 U.S.C. §§ 1331, 1345, and 1355.

5.      Venue is proper in the Southern District of Georgia pursuant to CWA section

404(s), 33 U.S.C. § 1344(s), and 28 U.S.C. § 1391(b) and (c), because Savannah Land owns

property or conducts business in this District.  In addition, the Property where Savannah Land

committed the CWA violations referenced in this Complaint is located in Richmond Hill,

Georgia, and the cause of action alleged herein arose in this District.

6.      Notice of the commencement of this action will be provided to the State of

Georgia pursuant to CWA section 404(s)(3), 33 U.S.C. § 1344(s)(3).

## THE PARTIES

7.      Plaintiff in this action is the United States of America.  The United States has

authority to bring this action on behalf of the Department of the Army, Army Corps of

Engineers, Savannah District (the "Corps"), pursuant to 28 U.S.C. §§ 516 and 519.

8.     Defendant Savannah Land Holdings, LLC is the permit holder and the primary developer of the Property.  Savannah Land's principal office address is 2 Sun Court, Ste. 400, Peachtree Corners, GA, 30092.

9.     Savannah Land has sold portions of the Property to other developers for residential development, but because it has failed to transfer the permit to them as required by the permit's terms, it remains the only permit holder for the Property.

**STATUTORY AND REGULATORY BACKGROUND**

10.     The CWA is designed to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

11.     To accomplish the CWA's objectives, section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person to navigable waters except as authorized by and in compliance with a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344, or other CWA provisions not applicable here.  Strict liability applies under the CWA.

12.     CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Corps, to issue permits for the discharge of dredged or fill material to navigable waters at specified sites, after notice and opportunity for public hearing.

13.     National Historic Preservation Act ("NHPA") section 106, 54 U.S.C. § 306108, requires federal agencies with authority to grant permits, including CWA section 404 permits, to "take into account the effect of the undertaking on any historic property" and allow the Advisory Council for Historic Preservation ("ACHP") a reasonable opportunity to comment. "Undertaking" includes any project or program that requires a federal permit or license.  *Id.* § 300320.  "Historic property" means any prehistoric or historic site, structure, or object included or eligible for inclusion on the National Register of Historic Places ("NRHP"), which "include[s]

3

properties of traditional religious and cultural importance to an Indian tribe or Native Hawaiian organization and that meet the National Register criteria." *Id.* § 300308; 36 C.F.R. § 800.16(*l*)(1).

14.    The ACHP has promulgated regulations under section 106 to govern federal agency compliance with the NHPA.  *See* 36 C.F.R. Part 800.  The ACHP's regulations allow agencies to enter into a PA "to govern the implementation of a particular program or the resolution of adverse effects from certain complex project situations or multiple undertakings." *See* 36 C.F.R. § 800.14(b); *id.* § 800.14(b)(1) (listing example scenarios).  When signed by the ACHP and applicable State Historic Preservation Officer, "[c]ompliance with the procedures established by an approved programmatic agreement satisfies the agency's section 106 responsibilities for all individual undertakings of the program covered by the agreement until it expires or is terminated . . . ."  36 C.F.R. § 800.14(b)(2)(iii); *see Mid States Coalition for Progress v. Surface Transp. Bd.*, 345 F.3d 520, 554 (8th Cir. 2003).

15.    The Corps, in issuing a 404 permit, is responsible for considering effects on historic properties.  *See* 33 C.F.R. § 330.4(g) ("No activity which may affect properties listed or properties eligible for listing in the [NRHP] is authorized until the [Corps] has complied with the provisions of 33 CFR part 325, appendix C [Procedures for the Protection of Historic Properties].").

16.    CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include an individual, corporation, partnership, or association.

17.    CWA section 404(s), 33 U.S.C. § 1344(s), authorizes the United States to commence a civil action for appropriate relief, including damages and a permanent or temporary

injunction, against any person who violates any "condition or limitation" contained in a CWA

section 404 permit, 33 U.S.C. § 1344(s)(1), (3).

     18.    The permit expressly incorporates the PA and makes compliance with the PA a

condition of compliance with the permit.

## **FACTUAL BACKGROUND**

*The Property and permit*

     19.    In 2007, the Corps granted the applicable CWA section 404 permit to Fletcher

Management Company for filling jurisdictional wetlands at the Property as a consequence of

building a large greenfield residential development.  Fletcher Management Company transferred

the property and permit to Defendant Savannah Land Holdings in 2008.

     20.    The Property is located in a floodplain along Redbird Creek, a traditional

navigable water subject to the ebb and flow of the tide, which drains into the Ogeechee River,

(also traditional navigable water).  More than 250 acres of wetlands on the Property are adjacent

to, and/or have a continuous surface connection to traditional navigable waters.

     21.    The Corps and permittee have known of the presence of archaeological sites and

cultural objects at the Property since before the permit was granted.  The archaeological sites

contain human remains such as bone fragments, funerary objects such as urns for holding human

remains, and other cultural artifacts such as pottery.  The presence of these sites and objects,

which the Corps determined were potentially eligible for listing on the NRHP, led the parties to

incorporate the PA into the permit to facilitate protection of cultural resources located at the

Property.  The signatories to the PA include the permittee, the Corps, and the Georgia State

Historic Preservation Officer ("GASHPO").

22.    The PA identifies 18 archaeological sites throughout the Property that are potentially eligible for inclusion on the NRHP.  PA ¶ 14.a.  The PA applies to the entire 2,230-acre Property, consistent with the definition of "Area of Potential Effect" found at 36 C.F.R. § 800.16.  *Id.* ¶ 5.

23.    The PA requires testing to minimize disturbance and to represent only a small percentage of the total of each site area, while providing data on the presence of artifacts sufficient to evaluate NRHP eligibility.  *Id.* ¶ 14.d.2.a.  For sites determined to be eligible for inclusion on the NRHP, the PA requires the permittee to mitigate adverse effects from development on the affected resources, through preservation in place or through recovery excavations.  *Id.* ¶ 14.a.-b.

24.    Preservation in place requires "consultation with the GASHPO and [Corps]," and the PA gives the Seminole Tribe of Florida an opportunity to comment on any proposed in-place preservation plan.  *Id.* ¶ 14.c.1.  It also requires site areas to be fenced and posted as off-limits, maintained in existing vegetation, and monitored to ensure they remain undisturbed.  *Id.* ¶ 14.c.2.

25.    For NRHP-eligible sites not preserved in place, the PA requires the permittee to mitigate adverse effects to cultural resources through "an archaeological data recovery program."  *Id.* ¶ 14.d. The PA required the permittee's data recovery program to take into account existing literature, and to be submitted for review and comment by the Corps and GASHPO.  *Id.* ¶ 14.d.1.c.  Once research designs and scopes of work are complete, the PA prohibits the permittee from initiating fieldwork until the Corps gives a notification to proceed.  *Id.* ¶ 14.d.1.d.

26.    For NRHP-eligible sites where objects cannot be preserved in place, the PA requires the permittee to maximize retrieval of artifacts in their entirety, *id.* ¶ 14.d.2.b, analyzed in a lab, *id.* ¶ 14.d.2.e, and reported to the Corps and GASHPO, *id.* ¶ 14.f.  Specifically, the

permittee must report the results of any archaeological testing/evaluation program or data recovery mitigation program to the Corps in draft form, and final versions of the reports must incorporate comments from the Corps and GASHPO.  *Id.* ¶ 14.f.3.  The permittee must also prepare a public-facing report discussing the project and the history of the property.  *Id.* ¶ 14.5. All artifacts, field notes, maps, drawings, and data resulting from data recovery mitigative excavations must be curated at the University of Georgia or another suitable institution meeting curation standards at 36 C.F.R. § 79.  *Id.* ¶ 14.h.

27.     If human remains or graves are recovered during the course of data recovery mitigative excavations, the PA requires the permittee to cease excavation, notify the Corps and GASHPO, treat the remains in accordance with state statutes governing abandoned burial grounds, and, if appropriate, consult with federally recognized tribes representing the descendants or likely descendants of the group to which the remains belong.  *Id.* ¶ 14.f.

*Noncompliance with the PA*

28.     Beginning in September 2023, the Corps was notified of potential extensive violations of the PA.  These violations included improper handling, misplacement, or destruction of artifacts, human remains, and funerary objects, which the PA required the permittee to document and curate.  A Corps site visit to the Property in April 2024 revealed that multiple archaeological sites had been heavily disturbed without Corps authorization and that Native American human remains and funerary objects had been excavated and relocated with limited notification to the Corps, GASHPO, and Seminole Tribe of Florida, as required in the PA. Specific violations of the CWA section 404 permit and incorporated PA are as follows:

a.  Savannah Land failed to transfer the permit upon the sale of portions of the property to other developers, in violation of General Condition 4.

7

b.  Savannah Land failed to produce finalized data recovery mitigation reports.  *See id.* ¶
14.f.3.  Although the Corps determined that 11 of the 18 sites covered by the PA were
eligible for the NRHP, Savannah Land submitted draft data recovery mitigation
reports for only six sites, and those six draft reports were missing major components.
And the Corps did not authorize field work to commence.  *See id.* ¶ 14.d.1.d.  This
has led to development of the archaeological sites without proper safeguards.  The
artifacts at the sites have been damaged by construction of roadways and houses, and
by excavation of an artificial lagoon.

c.  Savannah Land also failed to properly curate the artifacts with the University of
Georgia or another appropriate curation facility as required by the PA.  Instead, more
than 80,000 artifacts have not been properly curated and approximately 3,000
artifacts have been either lost or disposed of.

d.  Savannah Land also did not follow the required procedures for handling and
repatriating human remains.  Savannah Land failed to notify the Corps, GASHPO,
and Seminole Tribe of Florida of remains discovered at various phases of site
investigation and construction, and misplaced crematory and funerary remains.  A
burial urn from one of the archaeological sites at the Property was cleaned and
reconstructed, causing the crematory remains inside to be lost.  Additionally, the
permittee has not properly given notification to the Corps and the GASHPO regarding
inadvertent discoveries of human remains in accordance with the PA and state law.
*See id.* ¶ 15.  The PA also requires the permittee to cease excavation in any areas
where burials and graves are discovered, *id.*, and the permittee failed to follow this
requirement.

8

29.    In response to the violations discovered during the April 2024 site visit, the Corps issued a Stop Work Recommendation letter in May 2024 and requested that the permittee prepare a current condition survey detailing the location and boundaries of each archaeological site, all disturbances at each site, and photographs of current conditions. The Corps also requested a security plan detailing how Savannah Land would protect each site from disturbance, either from looters or from the elements. Savannah Land has not transmitted a security plan to the Corps.

30.    In July 2024, the Corps suspended the permit based on noncompliance with the PA, pursuant to 33 C.F.R. § 325.7. The purpose of suspension was to prevent further damage to cultural resources.

## CLAIM FOR RELIEF

### Violation of CWA section 404 permit

31.    The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 30.

32.    Savannah Land has violated its CWA section 404 permit by failing to transfer it upon sale of portions of the property to other developers.

33.    Savannah Land has violated the PA, incorporated into the permit through General Condition 8, through its:

    a. failure to produce finalized data recovery mitigation reports, excavation and relocation of artifacts, human remains, and funerary objects without proper notification;

    b. failure to produce finalized data recovery mitigation reports for six NRHP-eligible archaeological sites on the Property;

    c. development of areas of the Property containing archaeological sites without proper safeguards and resultant damage to artifacts and other cultural resources;

    d.   misplacement of, and failure to curate, artifacts uncovered from site investigations; and

    e.   failure to follow proper notification and handling procedures for treatment of human remains.

## PRAYER FOR RELIEF

Plaintiff United States of America respectfully requests that this Court order the following relief:

1.    That Savannah Land be enjoined from further development at the Property in violation of the permit and incorporated PA;

2.    That Savannah Land be enjoined to undertake compensatory measures, at its expense and at the direction of the United States, to provide restoration of the Property and protection of its remaining cultural resources;

3.    That Savannah Land be enjoined to instate a security plan to prevent destruction and looting of remaining cultural resources;

4.    That Savannah Land be enjoined to properly curate all artifacts in its possession at a suitable institution, in compliance with the PA;

5.    That Savannah Land be enjoined to comply with CWA and NHPA requirements and implementing regulations in the future;

6.    That Savannah Land, pursuant to CWA section 404(s), 33 U.S.C. § 1344(s), pay an appropriate civil penalty in an amount to be determined for violating CWA section 404;

7.    That the United States be awarded costs, attorney's fees, and disbursements in this action; and

8.    That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

<u>Dated</u>: January 3, 2025


Respectfully submitted,


TODD KIM                                      JILL E. STEINBERG
Assistant Attorney General                    United States Attorney

*/s/ Alex J. Hardee*                          */s/ Bradford C. Patrick*
Alex J. Hardee                                Bradford C. Patrick
North Carolina Bar No. 56321                  South Carolina Bar No. 102092
U.S. Department of Justice                    U.S. Attorney's Office
Environment and Natural Resources Division    P.O. Box 8970
Environmental Defense Section                 Savannah, GA 31412
P.O. Box 7611                                 (912) 201-2555
Washington, DC 20044                          bradford.patrick@usdoj.gov
(202) 514-2398
alex.hardee@usdoj.gov

Devon Lehman McCune
Colorado Bar No. 33223
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street – South Terrace, Suite 370
Denver, CO 80202
(303) 844-1487
devon.mccune@usdoj.gov