IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION FILE NO. 4:25-cv-00003-RSB-CLR |
| SAVANNAH LAND HOLDINGS, LLC, | ) ) | |
| Defendant. | ) ) ) | |

**FOURTH JOINT MOTION FOR EXTENSION OF STAY**

Plaintiff United States of America, ("Plaintiff") and Defendant Savannah Land Holdings, LLC ("Savannah Land Holdings") (together, the "Parties") hereby jointly move for a fourth extension of the stay in this action for a period of thirty (30) days, including of all discovery and all pretrial and other pending deadlines, to facilitate ongoing settlement discussions and efforts between the Parties. The grounds for this motion are as follows.

1.      Plaintiff filed its Complaint on January 3, 2025. [Doc. 1]

2.      Defendant waived service of process of the Complaint on January 9, 2025. [Doc. 6]

Initial Joint Motion to Stay Litigation

3.      The Parties filed a Joint Motion to Stay Litigation Pending Settlement Discussions ("Motion to Stay") on March 4, 2025 to give the Parties an opportunity to focus on the amicable resolution of this action and avoid incurring further fees and

costs related to discovery and compliance with pretrial and other requirements and deadlines that would prove unnecessary if the current settlement efforts of the Parties were successful. [Doc. 15]

4.      The Court entered an Order granting the Motion to Stay on March 10, 2025 ("March Order"), and the March Order stayed the case for 120 days - including a stay of all discovery and pretrial deadlines, and a stay of the Defendant's March 24, 2025 deadline to respond to the Plaintiff's Complaint (the "Stay"). [Doc. 18]

5.      The March Order further provided that if this case remains pending, the Stay would be lifted on July 8, 2025. [Doc. 18]

First Joint Motion for Extension of Stay

6.      The Parties filed a Joint Motion for Extension of Stay ("Motion for Extension of Stay") on July 3, 2025 to give the Parties additional time to negotiate the complex documentation and approvals that will be required to effectuate an amicable resolution of the pending action. [Doc 20]

7.      The Court entered an Order granting the Parties Motion for Extension of Stay on July 7, 2025 (the "July Order"), and the July Order stayed the case for an additional 60 days – including a stay of all discovery and pretrial deadlines, and a stay of the Defendant's deadline to respond to the Plaintiff's Complaint (the "Extended Stay"). [Doc 21]

8.    The July Order further provided that if this case remains pending, the Extended Stay will be lifted on September 8, 2025. [Doc. 21]

Second Joint Motion for Extension of Stay

9.    The Parties filed a Second Joint Motion for Stay on September 3, 2025. [Doc. 23].  The Court granted the motion and extended the stay until November 7, 2025. [Doc. 24].

10.    As a result of the government shutdown the various case deadlines were extended.  [Doc. 25]. The time for filing the Joint Status Report was extended to November 21, 2025 and the stay was extended to December 23, 2025.  [Doc. 26].

11.    A joint status report was filed on November 21, 2025.  [Doc. 27].

Third Joint Motion for Extension of Stay

12.    The Parties filed a Third Joint Motion for Extension of Stay ("Motion for Extension of Stay") on December 22, 2025 to give the Parties additional time to complete negotiations of the complex documentation and to seek the needed approvals required to effectuate an amicable resolution of the pending action. [Doc. 28].

13.    After hearing before the Court on January 7, 2026, the Court entered an Order granting the Parties Third Motion for Extension of Stay on January 8, 2026 (the "January Order"), and the January stayed the case for an extended one hundred twenty (120) day period of time until May 7, 2026 – including a stay of all discovery

and pretrial deadlines, and a stay of the Defendant's deadline to respond to the Plaintiff's Complaint (the "Extended Stay"). [Doc. 31].  The Parties were also directed to file a Joint Status Report no later than March 9, 2026, and such report was filed on that date.  [Doc. 32].

14.    The January Order July Order also provided that if this case remains pending, the Extended Stay will be lifted on May 7, 2026 and Savannah Land Holdings' deadline to respond to the Complaint would be due on May 7, 2026. [Doc. 31].  The January Order further provided that if the case remained pending the Parties were to conduct a conference pursuant to Federal Rules of Civil Procedure Rule 26(f) no later than May 14, 2026, and to submit a Rule 26(f) Report within 14 days for the Rule 26 (f) Conference.

15.    The January Order reminded the Parties that the Court "will not look favorably on any additional request to extend the stay that does not include [1] a specific showing of what they have accomplished in negotiating the resolution of this case, [2] what remains outstanding to finalize any resolution, and [3] what unforeseeable circumstance prevented the Parties from consummating the anticipated settlement within the extended stay period.

Fourth Joint Motion for Extension of Stay

16.    Since the entry of the January Order, the Parties have agreed upon the form and substance of the two primary settlement documents - the Consent Decree to

be entered by the Court and the Memorandum of Agreement ("MOA") that will govern the archeological work that is to be performed by Savannah Land Holdings under the Modified Permit that will be issued by the US Army Corps of Engineers ("USACE") as part of the settlement. The Parties have also worked together to perform the work necessary to allow the USACE to issue the Modified Permit once the MOA is signed by all signatories.

17.     Although Savannah Land has signed the MOA, and the USACE is ready to do so, the third required signatory to the MOA, the Georgia State Historic Preservation Officer ("SHPO"), has not yet signed the MOA.  Once this last signatory signs the MOA, then the USACE will then be able to issue the Modified Permit, and the Parties will submit the Consent Decree to the Court for entry and resolution of this matter.

18.     Thus, the remaining item to be obtained to conclude the settlement of this matter – SHPO's signing of the MOA, is also the unforeseeable circumstance that has delayed the Parties from consummating the anticipated settlement.

19.     In short, the Parties before the Court have now reached agreement – not just in principle, but in the form of the final proposed Consent Decree, the MOA, and related settlement documents, but they are unable to complete their settlement until SHPO signs the MOA.

20.    The USACE and counsel for Plaintiff have scheduled a meeting with counsel for SHPO for this coming Friday, May 8, 2026, to discuss SHPO's signing of the MOA.  SHPO and USACE have also involved the Advisory Council on Historic Preservation, which has statutory authority to assist the agencies in this matter.

21.    The Parties are hopeful that whatever concerns SHPO may have with signing the MOA can either be resolved within the next thirty (30) days, or if not, that an alternative course for completing their settlement can be determined within this time frame.

22.    Accordingly, because the Parties have reached full agreement in this matter after many months of time, effort, and expenditure of substantial sums, because the Parties do not wish to litigate this matter further as they have among themselves reached agreement, the Parties seek a thirty (30) day extension of the Extended Stay to give the Parties additional time to address the signing of the MOA by SHPO or determine an alternative course of action they can pursue to complete this complex matter.  In so doing, the Parties also request the Court to allow them to request an additional extension of the stay provided they show good cause, which would include a description of their efforts to obtain the signature of SHPO, the alternative course of action chosen to complete their settlement, and the anticipated time it will take to enable them to do so.

23.     This Motion is not submitted for purposes of delay, but in the interests of justice and judicial economy, as settlement of this matter will reduce and ultimately eliminate the need for use of this Court's valuable time.

24.     The Parties therefore respectfully request this Court to extend the Extended Stay for an additional thirty (30) days (the "Fourth Extended Stay") while the Parties continue to actively work toward obtaining the signature of the SHPO on the MOA or determining an alternative course of action that will enable them to finalize the settlement that has now been reached.

25.     If the case is not settled within the Fourth Extended Stay, or further extended upon a showing of good cause, the deadline for Defendant to respond to the Complaint will be the day the Fourth Extended Stay lifts on June 7, 2026.

26.     The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also* "[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017).

A proposed Order for the Court's review and convenience is attached hereto as Exhibit "A".

Dated: May 7, 2026                          Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

MARGARET E. HEAP
United States Attorney

/s/ Alex J. Hardee (with permission)
Alex J. Hardee
North Carolina Bar No. 56321
U.S. Department of Justice
Environment and Natural Resources
Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-2398
alex.hardee@usdoj.gov

/s/ Devon Lehman McCune (with
permission)
Devon Lehman McCune
Colorado Bar No. 33223
U.S. Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
999 18th Street – South Terrace, Suite
370
Denver, CO 80202
(303) 844-1487
devon.mccune@usdoj.gov

/s/ Bradford C. Patrick (with
permission)
Bradford C. Patrick
South Carolina Bar No. 102092
U.S. Attorney's Office
P.O. Box 8970
Savannah, GA 31412
(912) 201-2555

**HOLLAND & KNIGHT LLP**

/s/ Laura E. Flint
Laura E. Flint
Martin J. Alexander
Florida Bar No. 0346845
*Pro Hac Admitted*
Rafe Petersen
District of Columbia Bar No. 465542
*Pro Hac Admitted*
Georgia Bar No. 635203
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 817-8500
E-Mail:  laura.flint@hklaw.com
E-Mail: martin.alexander@hklaw.com
E-Mail: rafe.petersen@hklaw.com
*Counsel for Defendant*
*Savannah Land Holdings, LLC*

8

bradford.patrick@usdoj.gov

*Attorneys for Plaintiff United States*
*of America*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 4:25-cv-00003-RSB-CLR |
| SAVANNAH LAND HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2026, a true and correct copy of

the foregoing was filed by ECF on all counsel of record.


/s/ Laura Flint
Laura Flint
Georgia Bar No. 635203